**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MICHAEL J. JONES and
TAMERA A. JONES,

        Plaintiffs,

v.                                                                                  Civ. No. 2:25-472 MLG/GJF

PIONEER BANK, ADRIANN RAGSDALE,
DEE ANN NUNEZ, and
DOVENMUEHLE MORTGAGE, INC.,

        Defendants.

**ORDER DENYING PLAINTIFFS'**
**MOTION IN LIMINE AND REQUESTS FOR JUDICIAL NOTICE**

THIS MATTER is before the Court upon Plaintiffs' Motion in Limine to Exclude

Defendants' Defenses and Exhibits Due to Insufficient Evidence ("Motion in Limine") (Dkt. No.

28); Plaintiffs' Request for Judicial Notice of Unrebutted Affidavits, Rescission, and Fraudulent

Conduct ("First Motion for Judicial Notice") (Dkt. No. 29); and Plaintiffs' Request for Judicial

Notice ("Second Motion for Judicial Notice") (Dkt. No. 55). Defendants responded in opposition

to the first two Motions. *See* Dkt. Nos. 32, 33. Plaintiffs failed to file a reply as to any of the

Motions within the time prescribed for doing so, which constitutes consent that the briefing on

them is compete. *See* D.N.M.LR-Civ. 7.1(b). For the reasons stated below, the Court **DENIES**

each of these Motions.

**I.      MOTION IN LIMINE**

In their Motion in Limine, Plaintiffs seek three forms of relief: (1) to "[e]xclude from

evidence all defenses, rebuttals, and exhibits by Defendants that lack proper foundation under

[Federal Rules of Evidence] 104 and 602"; (2) to "[b]ar Defendants from presenting any

documentation not authenticated or submitted under sworn affidavit or declaration"; and (3) to

"[p]revent reference to any claim of note ownership or authority to enforce without admissible documentation." Dkt. No. 28 at 3. In other words, Plaintiffs ask the Court to make evidentiary rulings as to evidence for which Defendants may potentially seek admission but which may not conform to the Federal Rules of Evidence.

Notably, Plaintiffs do not identify any particular evidence or documents that they seek to exclude. *See id*. at 2. Instead, they vaguely suggest that Defendants' "unsupported defenses and exhibits" will "unfairly prejudice Plaintiffs; [m]islead the jury as to legal ownership and authority; [and v]iolate FRE 403 by introducing irrelevant and confusing material." *Id*. According to Plaintiffs, exclusion of these unidentified exhibits "is necessary to preserve the integrity of the proceedings, protect against prejudicial misrepresentations, and uphold the evidentiary standard of 'personal knowledge' and 'authentication' required by federal law."[1] *Id*. at 1.

As Defendants point out in response, discovery has not yet commenced in this case, and no trial date has been set. Dkt. No. 32. Indeed, the Court has determined that good cause exists to delay issuance of a scheduling order pending resolution of Defendants Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. No. 80.

Because the case is in its initial stages, with discovery not yet underway, Plaintiffs' request for rulings on the admissibility of not-yet-identified evidence is premature and lacks sufficient particularity. *See Pedroza v. Lomas Auto Mall, Inc*., No. CIV 07-0591 JB/RHS, 2009 WL 1300944 (D.N.M. Apr. 2, 2009) (denying motion in limine as premature due to ongoing discovery and observing that the movant could re-raise the issue at a later date with a more particularized showing); *Shaw v. T-Mobile*, No. 1802513-DDC-GEB, 2020 WL 4334993, at *3 (D. Kan. July 28,

---

[1] The Court notes that Plaintiffs have attached to their Motion in Limine, perhaps through inadvertence, documents that appear to relate to their now-withdrawn Motion to Disqualify Attorney Luke Ragsdale for Conflict of Interest (Dkt. No. 17). Because these documents do not have any apparent relevance to Plaintiffs' Motion in Limine, the Court disregards them for purposes of its resolution of that Motion.

2020) (denying motion in limine filed before the completing of discovery, where the movant had not tied her motion to "arguments on summary judgment or ones expected to arise at an imminent trial," and explaining that a "court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity") (citation omitted).  For these reasons, the Court will therefore **DENY** Plaintiffs' Motion in Limine.

## II.    MOTIONS FOR JUDICIAL NOTICE

Plaintiffs have filed two separate motions asking the Court to take judicial notice pursuant to Federal Rule of Evidence 201. In their first motion, they request judicial notice of "undisputed" documents that they identify by title or description: an "Unrebutted TILA Rescission" dated November 19, 2024, a Notice of Adverse Claim, a Notice of Breach of Fiduciary Duty, a Notice of Dishonor under UCC § 3-504, a UCC-1 Financing Statement, a UCC-3 Termination Statement, and documents showing "the unauthorized transfer and securitization of the promissory note." Dkt. No. 29 at 2. Plaintiffs do not attach to their Motion the documents they ask the Court to judicially notice, nor do they provide any information as to their source or where they can be accessed.

In their Second Motion for Judicial Notice, Plaintiffs ask the Court to take judicial notice of "official statutes, judicial opinions, and federal agency publications directly bearing on the issues in Plaintiffs' pending Motion for Summary Judgment and Supplemental Statement in Support." Dkt. No. 55 at 1. Specifically, Plaintiffs identify three types of authority for which they seek judicial notice: (1) NMSA § 47-1-7 (1978); (2) *Nationstar Mortgage, LLC v. O'Malley*, 414 P.3d 334 (N.M. Ct. App. 2018); and (3) "Fannie Mae Document Custodial Requirements," which are available on Fannie Mae's website. *Id*. at 2–3.

Rule 201 permits a court to take judicial notice of an adjudicative fact "that is not subject to reasonable dispute." Fed. R. Civ. P. 201(a)–(b). The facts of which a court may take judicial notice, however, are limited to those that are (1) "generally known within the trial court's territorial

3

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to Rule 201(c), judicial notice is required "if the court is supplied with the necessary information."

For their part, Defendants respond only to Plaintiffs' First Motion for Judicial Notice. They contend that "each of Plaintiffs' proffers [in that Motion] include[] stringently disputed facts and impermissible legal conclusions." Dkt. 33 at 2. As to Plaintiffs' 2024 TILA rescission notice, Defendants explain that they have disputed the validity of that attempted rescission in their response to Plaintiff's summary judgment briefing. *See id.* (citing Dkt. Nos. 18, 26). With respect to the various "notices" to which Plaintiffs refer, Defendants insist that Plaintiffs have failed to establish their "applicability and effect," and they insist that all of them are disputed. *Id*. Finally, Defendants maintain that Plaintiffs seek legal conclusions as to the referenced UCC filings and as to documents allegedly showing "fraudulent concealment and securitization," and they emphasize that Rule 201 does not authorize a court to make legal conclusions. *Id*. at 3.

Plaintiffs are not entitled to judicial notice with respect to any of the documents or authorities for which they seek it. First, they have not supplied the Court with the information necessary to establish that any adjudicative facts are "generally known" or could "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Instead, Plaintiffs simply reference documents and advance arguments that would be better suited to a motion for summary judgment or to the presentation of evidence at trial. In their First Motion for Judicial Notice, for instance, Plaintiffs' ask the Court to "[a]cknowledge the legal effect of the unrebutted rescission, notices, and UCC filings" and "[b]ar any contradictory claims by Defendants." *See* Dkt. No. 29 at 3. From this, the Court surmises that Plaintiffs seeks what amounts to findings of fact and conclusions of law on their claims against Defendants. The

Court understands Plaintiffs' Second Motion to reference supplemental authority in support of their summary judgment motion. *See* Dkt. No. 55. But neither Motion constitutes a proper request for judicial notice.

Judicial notice is not the proper vehicle for resolution of a document's *legal effect* on a party's claims (particularly where the opposing parties dispute the import of that document), nor is it the proper manner for seeking consideration of supplemental legal authority in support of a motion for summary judgment. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) ("Rule 201 authorizes the court to take notice only of 'adjudicative facts,' not legal determinations."); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (observing that the effect of judicially noticing a fact under Rule 201 is to preclude the opposing party from having that fact determined, after the presentation of contrary evidence, by a factfinder at trial). Because Plaintiffs have not satisfied the requirements or the purposes of Rule 201, the Court **DENIES** both Motions for Judicial Notice.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion in Limine to Exclude Defendants' Defenses and Exhibits Due to Insufficient Evidence (Dkt. No. 28); Request for Judicial Notice of Unrebutted Affidavits, Rescission, and Fraudulent Conduct (Dkt. No. 29); and Request for Judicial Notice (Dkt. No. 55) are **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

5