## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

MICHAEL J. JONES and
TAMERA A. JONES,

     Plaintiffs,

v.                                                                    No. 2:25-cv-00472-MLG-GJF


PIONEER BANK, ADRIANN RAGSDALE,
DEE ANN NUNEZ, and
DOVENMUEHLE MORTGAGE, INC.,

     Defendant.

## ORDER OVERRULING OBJECTIONS AND
## ADOPTING MAGISTRATE JUDGE FOURATT'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Pursuant to the Court's Order of Referral, Doc. 30, Magistrate Judge Gregory J. Fouratt filed his Proposed Findings and Recommended Disposition ("PFRD") on January 16, 2026, addressing several pending motions. Doc. 81. Judge Fouratt recommends (1) granting Plaintiffs' Motion for Leave to File First Amended Complaint and Counterclaim ("Motion to Amend"), Doc. 19; (2) granting in part and denying in part Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"), Doc. 39; (3) granting in part and denying in part Defendants' Motion to Strike Plaintiffs' Second Amended Complaint ("Motion to Strike"), Doc. 40; (4) denying Plaintiffs' Second Emergency Motion for Temporary Restraining Order ("Second Motion for TRO"), Doc. 41; and (5) denying Defendants' Motion for Sanctions, Doc. 53. Doc. 81 at 1-2.

The PFRD notified the parties of their ability to file objections within fourteen days and warned them that failure to timely file objections would waive appellate review. *Id.* at 24. This

1

deadline included three additional days for filing objections for parties—like Plaintiffs—who receive service by mail. *Id.* Defendants Pioneer Bank, Adriann Ragsdale, and Dee Ann Nunez timely filed an objection to the PFRD on January 30, 2026. *See* Doc. 83. They argue that Judge Fouratt "failed to consider the objective reasonableness of Plaintiffs' repeated failures to abide by the Rules of Civil Procedure" before recommending that the Motion for Sanctions, Doc. 53, be denied. Doc. 83 at 1-2. Plaintiffs filed objections on February 3, 2026.[1] *See* Doc. 84. Plaintiffs challenge the PFRD's application of the *Rooker-Feldman* doctrine and *Younger* doctrine. Doc. 84 at 3. Plaintiffs also object to Judge Fouratt's recommendation that their quiet title and declaratory relief claims, as well as their claims regarding the FDCPA and unjust enrichment, be dismissed for lack of jurisdiction. *Id.* at 3-4. Neither side responded to the opposing parties' objections to the PFRD, and the deadline for doing so has passed. *See* Fed. R. Civ. P. 72(b)(2).

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviewed de novo the record and all parts of the PFRD to which the parties objected. Having thoroughly considered the PFRD and the parties' objections, the Court finds no reason either in law or fact to depart from Judge Fouratt's recommended disposition.

It is therefore ordered:

1. The parties' objections are overruled.

2. The PFRD is adopted.

3. Defendants' Motion for Sanctions, Doc. 53, is denied.

4. Plaintiffs' Motion to Amend, Doc. 19, is granted.

---

[1] "[A] party's objections to [a PFRD] must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Plaintiffs' failure to timely object to the PFRD waived de novo review by this Court. *See id.* Nevertheless, the Court conducted a de novo review of Plaintiffs' objections.

5. Plaintiffs' Second Motion for TRO, Doc. 41, is denied.

6. Defendants' Motion to Strike, Doc. 40, is granted in part to the extent Plaintiffs' Second Amended Complaint is stricken, and denied in part to the extent Defendants seek an award of attorney's fees.

7. Defendants' Motion to Dismiss, Doc. 39, is granted in part to the extent Defendants seek dismissal of Plaintiffs' claims for Quiet Title (Count I), Declaratory Judgment (Count II), rescission under TILA (Count III, in part), violations of FDCPA (Count V), and Unjust Enrichment (Count VII), and denied in part to the extent Defendants seek dismissal of Plaintiffs' claims for statutory damages under TILA (Count III, in part), statutory damages under RESPA (Count IV), and as to Plaintiffs' claims for fraud and misrepresentation (Count VI).

8. Counts I, II, V, VII, and the portion of Count III seeking rescission under TILA are dismissed without prejudice for lack of subject matter jurisdiction.

9. The litigation hold precluding the filing of additional motions and staying briefing on pending motions, Doc. 76, is lifted, with the admonition that filings that fail to comply with Federal Rule of Civil Procedure 11, or other applicable rules, may result in the imposition of sanctions.

It is so ordered.

_____

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

3