**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MICHAEL J. JONES and
TAMERA A. JONES,

   Plaintiffs,

v.               Civ. No. 2:25-472 MLG/GJF

PIONEER BANK, ADRIANN RAGSDALE,
DEE ANN NUNEZ, and
DOVENMUEHLE MORTGAGE, INC.,

   Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON
PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT AND RELATED MOTIONS[1]**

THIS MATTER is before the Court on the *Plaintiffs' Motion for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)* ("Motion to Amend") (Dkt. No. 85), *Plaintiffs' Amended Motion for Summary Judgment* (Dkt. No. 43), *Defendants' Motion to Strike Plaintiffs' Statement of Undisputed Material Facts and Supplemental Statement in Support of Summary Judgment* ("Motion to Strike") (Dkt. No. 61), Pioneer Bank Defendants' *Motion to Stay Briefing on Plaintiffs' Motion for Leave to File Second Amended Complaint* ("Motion to Stay") (Dkt. No. 89), and *Plaintiffs' Motion to Submit for Decision* (Dkt. No. 69).

For the reasons that follow, the Court **RECOMMENDS** that Plaintiffs' Motion to Amend be **GRANTED**, that Plaintiffs be given fourteen days to file on the docket as their "Third Amended Complaint" the proposed pleading attached to their Motion for Leave to Conduct Limited Early Discovery (Dkt. No. 94-1) and currently entitled "Second Amended Complaint," and that

---

[1] The undersigned files this Proposed Findings and Recommended Disposition ("PFRD") pursuant to the presiding judge's Order of Referral filed August 13, 2025. Dkt. No. 30.

Defendants be given fourteen days after filing of the Third Amended Complaint to file their answers or to otherwise respond to Plaintiffs' Third Amended Complaint. The Court further **RECOMMENDS** that Plaintiffs' Amended Motion for Summary Judgment (Dkt. No. 43) be **DENIED WITHOUT PREJUDICE TO REFILING** and that Defendants' Motion to Strike (Dkt. No. 61), Pioneer Bank Defendants' Motion to Stay (Dkt. No. 89), and Plaintiffs' Motion to Submit for Decision (Dkt. No. 69) be **DENIED AS MOOT**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On May 20, 2025, Michael and Tamera Jones ("Plaintiffs") filed their initial complaint asserting a variety of state and federal causes of action, including a civil rights claim under 42 U.S.C. § 1983 and an extortion claim under 18 U.S.C. § 894, against Defendants Pioneer Bank, Adriann Ragsdale, and Dee Ann Nunez (collectively "Pioneer Bank Defendants").[2] Dkt. No. 1. Two weeks later, on June 13, 2025, Plaintiffs filed their First Amended Complaint, adding Dovenmuehle Mortgage, Inc. ("DMI") as a defendant and amending their claims. Dkt. No. 10. Altogether, the First Amended Complaint asserted seven claims: Quiet Title, Declaratory Judgment, violations of the Truth in Lending Act ("TILA"), violations of the Real Estate Settlement Procedures Act ("RESPA"), violations of the Fair Debt Collection Practices Act ("FDCPA"), fraud and misrepresentation, and unjust enrichment. *Id*. A month after they filed their First Amended Complaint, Plaintiffs sought leave to amend (Dkt. No. 19 at 3), and before the Court could resolve the motion to amend, they filed a "Second Amended Complaint" that asserted new facts and claims. *Compare* Dkt. No. 10, *with* Dkt. No. 37. Defendants moved to strike Plaintiffs' "Second Amended Complaint" (Dkt. No. 37) for failure to comply with Federal

---

[2] As the Court noted in its May 27, 2025 Order to Show Cause, Defendant Ragsdale is an attorney for Pioneer Bank and Defendant Nunez is the senior vice president of the bank. Dkt. No. 7.

Rule of Civil Procedure 15(a). Dkt. No. 40. In addition, Defendants moved to dismiss all of Plaintiffs' claims, pursuant to the *Rooker-Feldman* and *Younger* doctrines, for lack of subject matter jurisdiction. Dkt. No. 39.

The Court set an Omnibus Motions Hearing for January 7, 2026, ordered the parties not to file additional motions until after the hearing, and stayed briefing on all pending motions pending further order of the Court. Dkt. No. 76. At the hearing, the Court noted that Federal Rule of Civil Procedure 15(a) required Plaintiffs to obtain permission from the Court or the consent of opposing parties before amending their complaint. Dkt. No. 77 at 4. At that time, Plaintiffs indicated their intention to move to amend their complaint in accordance with Rule 15. *Id*. at 4, 7.

On January 16, 2026, the undersigned filed a Proposed Findings and Recommended Disposition ("PFRD") recommending, among other things, that Plaintiffs' "Second Amended Complaint" be stricken for failure to comply with Federal Rule of Civil Procedure 15(a) and that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction be granted in part and denied in part. Dkt. No. 81. In addition, the undersigned recommended that the presiding judge lift the "litigation hold that preclude[d] the filing of additional motions and stay[ed] briefing on pending motions (Dkt. No. 76)." *Id*. at 23. Before the presiding judge could address the PFRD or lift the litigation hold, however, Plaintiffs filed the Motion to Amend at issue here. Dkt. No. 85. Pioneer Bank Defendants filed a response in opposition (Dkt. No. 90) and, concurrently, a motion to stay briefing on Plaintiffs' Motion to Amend (Dkt. No. 89).

On February 23, 2026, the presiding judge adopted the PFRD, lifted the litigation hold, and dismissed Plaintiffs' Quiet Title (Count I), Declaratory Judgment (Count II), rescission under TILA (Count III, in part), FDCPA (Count V), and Unjust Enrichment (Count VII) claims. Dkt. No. 91 at 3. The Court determined that Plaintiffs' remaining claims survived, including their claims

3

for statutory damages under both TILA (Count III, in part) and RESPA (Count IV) and their claims for fraud and misrepresentation (Count VI). *Id*.

Fourteen days after the Court lifted the litigation hold and adopted the PFRD, DMI responded in opposition to Plaintiffs' Motion to Amend. *See* Dkt. No. 93.

## II.    LEGAL STANDARD

When the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). A court should "freely give leave" to amend a pleading where "justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, Rule 15(a)(2) aims to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). If the movant fails to satisfy Rule 15(a)'s "justice so requires" standard, the district court does not abuse its discretion in denying a motion to amend. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019) (citation omitted).

In considering the instant Motion to Amend, the Court bears in mind that "pro se litigant[s'] pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted). In *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings
> to state a valid claim on which the plaintiff could prevail, it should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax, and sentence construction, or his unfamiliarity with pleading requirements.

*Id*. Even so, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or to construct a legal theory on a plaintiff's behalf." *Id*.

## III.   ANALYSIS

As they forecasted at the January 7, 2026 Motions Hearing (*see* Dkt. No. 77 at 4, 7), Plaintiffs filed a Motion to Amend seeking leave to further amend their complaint. Because the Court struck the "Second Amended Complaint" that Plaintiffs improperly filed on August 27, 2025 (Dkt. No. 37), the operative complaint – unless the Court grants their Motion to Amend – is presently Plaintiffs' First Amended Complaint (Dkt. No. 10).

Plaintiffs insist that their Motion to Amend is filed "in good faith, in strict compliance with the Court's guidance, and for the purpose of conforming the pleadings to newly discovered evidence and narrowing the claims to those properly within the Court's jurisdiction." Dkt. No. 85 at 1. In support, Plaintiffs identify their "newly discovered evidence" as (1) a "notarized affidavit of Joseph Esquivel and supporting exhibits identifying unresolved gaps in enforcement authority, custodial possession, servicing transfers, and the payment stream[;]" (2) "[d]ocumentary evidence of conflicting asserted interests, including a Solis Partners LLC / John Lipman mineral-related UCC lien recorded against the property[;]" and (3) "[e]vidence of servicing and ownership changes involving Pioneer Bank and Dovenmuehle Mortgage, Inc., occurring without proper notice to Plaintiffs." *Id*. at 3. Plaintiffs explain that the purpose of their proposed amended complaint is to reduce rather than expand the scope of the parties' dispute, and they insist that Defendants will not suffer prejudice, as discovery has not yet commenced and the case remains in an early procedural

posture. *Id*. at 4. Finally, Plaintiffs assert that the proposed amended complaint pleads viable claims supported by factual allegations and evidence. *Id*.

Pioneer Bank Defendants respond in opposition to Plaintiffs' Motion to Amend, though not to its substance. Dkt. No. 90. They argue that Plaintiffs' Motion to Amend is not yet ripe for consideration because, at least at the time of its filing, the Court had not yet resolved the issue of which complaint was the operative one, as between the First Amended Complaint and the proposed second amended complaint. *Id*. at 2. Pioneer Bank Defendants further contend that they would suffer prejudice if forced to respond to a motion that could prove to be moot. *Id*. Concurrently with their response in opposition to Plaintiffs' Motion to Amend, Pioneer Bank Defendants filed Motion to Stay. Dkt. No. 89. As in their response to the Motion to Amend, Pioneer Bank Defendants contend that Plaintiffs' Motion to Amend is premature, as the Court had not yet determined whether the Second Amended Complaint would be stricken. *Id*. at 1.

Plaintiffs filed a reply in support of their Motion to Amend, suggesting that the Court had "procedural options" notwithstanding the outstanding issue of which complaint is the operative one:  (1) to conditionally grant leave to Plaintiffs to file their proposed second amended complaint to become effective upon the presiding judge's entry of an order on the then-pending PFRD; or (2) to hold in abeyance Plaintiffs' Motion to Amend. Dkt. No. 92 at 2. Plaintiffs further contend that granting them leave to amend their complaint will not cause undue prejudice to Defendants. *Id*. at 3. In that regard, they insist that the proposed amended pleading is intended to narrow and clarify their claims, to align them to the jurisdictional limitations, and to identify evidence supporting their theories. *Id*.

Notably, Plaintiffs did not attach their proposed amended complaint to their Motion to Amend as required by this District's Local Rule 15.1. Instead, for unknown reasons, Plaintiffs filed

their proposed second amended complaint a month later, on March 9, 2026, in conjunction with a separate, unrelated motion: their Motion for Leave to Conduct Limited Early Discovery. *See* Dkt. No. 94-1. Having compared the now-operative First Amended Complaint (Dkt. No. 10) to the proposed amended complaint (Dkt. No. 94-1), the Court observes that the latter streamlines Plaintiffs' claims and includes only the three claims that survived Defendants' subject matter jurisdiction challenge: (1) a RESPA claim for actual/statutory damages (now Count I); (2) a TILA claim for actual/statutory damages (now Count II); and (3) a claim for fraud and misrepresentation under state law (now Count III). *See* Dkt. No. 94-1. Conversely, the proposed amended complaint *omits* Plaintiffs' previously-asserted Quiet Title, Declaratory Judgment, rescission under TILA, FDCPA, and Unjust Enrichment claims, which the Court dismissed. *Id*. In addition, the proposed amended complaint asserts additional factual allegations in support of the three surviving claims, including some allegations that Plaintiffs purport they discovered in August 2025, after the filing of their First Amended Complaint. *See* Dkt. No. 94-1 at 4; Dkt. No. 10 (First Amended Complaint, filed June 13, 2025).

Fourteen days after the Court entered its Order Adopting PFRD in which it, among other things, granted Defendants' Motion to Strike Second Amended Complaint and lifted the litigation hold, DMI filed its response in opposition to Plaintiffs' Motion to Amend. *See* Dkt. No. 93. In that response, DMI urges the Court to deny Plaintiffs' Motion to Amend for two reasons: (1) because the Motion was filed during the Court's stay of briefing; and (2) because, despite its title, the proposed amended complaint would constitute Plaintiffs' *third* amended complaint. *Id*. at 2. DMI notes that, in addition to their newly-proposed amendment, Plaintiffs have already filed three other versions of their complaint, including an initial complaint, a First Amended Complaint, and a procedurally-improper Second Amended Complaint. *Id*. at 1–2. Thus, in DMI's view, Plaintiffs

have already enjoyed ample opportunity to refine their allegations in these previous iterations of their complaint. *Id*. at 3. DMI further contends that the filing of numerous complaints has prejudiced Defendants by causing them to incur attorney fees from litigating the propriety of Plaintiffs' filings. *Id*. at 3–4. DMI represents that "[a]lthough Plaintiffs did not include a copy of the Second Amended Complaint with their Motion, they have circulated a proposed [s]econd [a]mended [c]omplaint that includes claims for violations of R[E]SPA, Regulation X, TILA, and for fraud/negligence." *Id*. at 2. And in a separate filing, DMI observes that this proposed second amended complaint was attached to Plaintiffs' Motion to Conduct Limited Early Discovery. Dkt. No. 95 at 2. DMI does not address the substance of Plaintiffs' proposed amended complaint, however, or suggest that allowing Plaintiffs to amend would be futile. Instead, DMI limits its arguments to the timing of Motion to Amend and the numerosity of Plaintiffs' amendments.

After DMI responded in opposition to their Motion to Amend, Plaintiffs filed a second reply in support of their Motion *See* Dkt. No. 97. Although they suggest that DMI's response was filed "outside the response sequence," Plaintiffs explain that they do not object to the Court's consideration of the response, so long as the Court does not penalize Plaintiffs for failing to respond or for filing of a second reply. *Id*. at 4. Plaintiffs emphasize that their improperly-filed "Second Amended Complaint" was stricken by the Court, such that the instant proposed amended complaint would amount to only the *third* operative complaint rather than the fourth. *Id*. at 3. In addition, Plaintiffs characterize their proposed amended complaint as a "conforming amendment," suggesting that it conforms to the Court's February 23, 2026 Order Adopting PFRD. *Id*. Noting that DMI's arguments are directed at timing and amendment history, Plaintiffs insist that DMI fails to demonstrate that they will suffer actual prejudice if Plaintiffs are permitted to file their proposed amended pleading.

Exercising its broad discretion in weighing the applicable factors, including futility, undue delay, prejudice, bad faith, and repeated failure on prior amendments to cure a pleading's defects, the Court recommends that Plaintiffs be granted leave to amend. Defendants do not suggest that the proposed amendment is futile. Nor do they argue that Plaintiffs' Motion to Amend was unduly delayed. Rather, they assert that the Motion came too early – before the presiding judge could address the PFRD's recommendation as to the operative complaint. And notably, the Court has not yet established a deadline for the parties to move to amend their pleadings. While Defendants claim to have suffered prejudice on account of multiple amended complaints, the Court observes that they have not yet answered Plaintiffs' First Amended Complaint, which minimizes any such prejudice. In addition, discovery has not yet begun, and the Court has not imposed pretrial deadlines or set trial. The Court discerns no unfair obstacle to Defendants defending against the same claims that survived Defendants' jurisdictional challenges, despite those claims being packaged in an amended pleading that is supported by additional factual allegations. Relatedly, given that Plaintiffs have streamlined the proposed amended complaint to include only those claims over which the Court has determined that it has jurisdiction, the Court discerns no bad faith. Finally, although Plaintiffs have amended once before, the Court cannot say that they failed to cure deficiencies in earlier versions of the complaint, particularly where Plaintiffs' proposed amended complaint includes at least some new factual allegations that Plaintiffs purportedly discovered after the filing of the currently-operative complaint.

The Court cautions Plaintiffs that this PFRD should not be understood as an invitation to repeatedly amend their pleadings at their every whim thereby creating a moving target of claims. Indeed, the Court must consider, in deciding whether to allow this and *any future requests for*

*amendment,* whether Plaintiffs have failed to cure deficiencies with previously allowed amendments and whether permitting the amendment will prejudice Defendants.

Because the undersigned concludes that, on balance, the relevant factors weigh in favor of granting Plaintiffs leave to file the proposed amended complaint filed on the Docket at 94-1, the undersigned **RECOMMENDS** that the Court grant Plaintiffs' Motion to Amend. To avoid confusion with the improperly-filed "Second Amended Complaint" (Dkt. No. 37), the Court **RECOMMENDS** that Plaintiffs be directed to file their new amended pleading, within fourteen days, as their "Third Amended Complaint." The Court further **RECOMMENDS** that Defendants be ordered to answer or otherwise respond to Plaintiffs' Third Amended Complaint within fourteen (14) days of its filing.

As to Pioneer Bank Defendants' Motion to Stay Briefing, in which they argue that Plaintiffs' Motion to Amend was filed prematurely because the Court had not yet determined whether Plaintiffs' Second Amended Complaint should be stricken (Dkt. No. 89), that motion was rendered moot by the Court's striking of the Second Amended Complaint (*see* Dkt. No. 91). The Court therefore **RECOMMENDS** Defendants' Motion to Stay Briefing be **DENIED AS MOOT**.

The undersigned acknowledges that permitting Plaintiffs to amend their complaint, as recommended herein, will have collateral consequences for other motions pending before the Court. On September 17, 2025, while Plaintiffs' First Amended Complaint was the operative complaint and before the Court dismissed certain claims pursuant to *Rooker-Feldman*, Plaintiffs filed an Amended Motion for Summary Judgment. *See* Dkt. No. 43. Separately, they filed their "Statement of Undisputed Material Facts" pursuant to Federal Rule of Civil Procedure 56 (Dkt. No. 57), and their "Supplemental Statement in Support of Summary Judgment" in which they sought "to place additional authenticated evidence into the summary-judgment record" (Dkt. No.

58). In response, Pioneer Bank Defendants filed a Motion to Strike Plaintiffs' statements of fact (Dkt. No. 61), and Plaintiffs filed a Motion to Submit for Decision (Dkt. No. 69). Significantly, Plaintiffs' Amended Motion for Summary Judgment and corresponding statements of fact (Dkt. Nos. 57, 58) were targeted to the claims asserted in the First Amended Complaint, some of which have now been dismissed and others of which, if the Court permits amendment, will be supported by additional factual allegations. As a result, the Court **RECOMMENDS** that Plaintiffs' Amended Motion for Summary Judgment (Dkt. No. 43) and Defendants' Motion to Strike Plaintiffs' Statement of Undisputed Material Facts and Supplemental Statement in Support of Summary Judgment (Dkt. No. 61) be **DENIED WITHOUT PREJUDICE** to the parties filing dispositive motions anew after Plaintiffs' Third Amended Complaint is filed and answered, and perhaps after the parties have engaged in discovery.

Finally, in their Motion to Submit for Decision (Dkt. No. 69), Plaintiffs argue that Defendants have not produced evidence to rebut their claims and suggest that their summary judgment motion is ready "for immediate decision." Dkt. No. 69 at 1. Having determined that Plaintiffs' Amended Motion for Summary Judgment (Dkt. No. 43) should be denied without prejudice to refiling, the Court **RECOMMENDS** that Plaintiffs' Motion to Submit for Decision (Dkt. No. 69) be **DENIED AS MOOT.**

## IV.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that:

1. *Plaintiffs' Motion for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)* be **GRANTED**, that Plaintiffs be given fourteen days to file on the docket their Third Amended Complaint, and that Defendants be given fourteen

days following the filing of the Third Amended Complaint to file their answers or to otherwise respond to Plaintiffs' Third Amended Complaint;

2. *Plaintiffs' Amended Motion for Summary Judgment* (Dkt. No. 43) be **DENIED WITHOUT PREJUDICE TO REFILING**; and

3. *Defendants' Motion to Strike Plaintiffs' Statement of Undisputed Material Facts and Supplemental Statement in Support of Summary Judgment* (Dkt. No. 61), Pioneer Bank Defendants' *Motion to Stay Briefing on Plaintiffs' Motion for Leave to File Second Amended Complaint* (Dkt. No. 89), and *Plaintiffs' Motion to Submit for Decision* (Dkt. No. 69) be **DENIED AS MOOT**.

**SO RECOMMENDED.**

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE