**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MICHAEL J. JONES and
TAMERA A. JONES,

      Plaintiffs,

v.                                                                     Civ. No. 2:25-472 MLG/GJF

PIONEER BANK, ADRIANN RAGSDALE,
DEE ANN NUNEZ, and
DOVENMUEHLE MORTGAGE, INC.,

      Defendants.

**ORDER DENYING PLAINTIFFS'**
**MOTION TO CONDUCT LIMITED DISCOVERY AND**
**MOTION TO COMPEL SUBSTANTIVE RESPONSE AND DISCOVERY**

THIS MATTER is before the Court upon *Plaintiffs' Memorandum of Law in Support of Declaration and Motion for Leave to Conduct Limited Early Discovery* ("Motion for Discovery") (Dkt. No. 94) and *Plaintiffs' Motion to Compel Substantive Response and Production, or Alternatively to Strike or Disregard Out-of-Sequence Opposition and to Reset Briefing* ("Motion to Compel") (Dkt. No. 98). These motions are fully briefed. *See* Dkt. Nos. 95, 97, 101–02. For the reasons stated below, the Court **DENIES** each of these Motions a premature.

In their Motion for Discovery, Plaintiffs ask the Court to order Defendants to produce "document-custody and servicing-authority materials," which Plaintiffs contend are necessary to prosecute their surviving claims and which, according to Plaintiffs, Defendants have so far refused to provide "through statutory channels." Dkt. No. 94 at 1. Relatedly, in their Motion to Compel, Plaintiffs seek "substantive response[s] and production tied to the surviving claims." Dkt. No. 98 at 2.

1

On January 16, 2026, the Court determined that good cause existed to delay issuance of a scheduling order until after resolution of Defendants' Motion to Dismiss for Lack of Jurisdiction. Dkt. No. 80. Although Defendants' jurisdictional challenge has now been resolved (Dkt. No. 91), the Court has not yet issued an initial scheduling order due to the unsettled nature of the pleadings. *See, e.g.*, Dkt. Nos. 85 (Plaintiffs' Motion for Leave to File Second Amended Complaint), 90 (Pioneer Bank Defendants' response in opposition), 93 (DMI's response in opposition). Because this case remains in its initial stages, with discovery not yet underway and the operative pleading not yet settled or answered, Plaintiffs' requests for discovery are premature.

Once the presiding judge resolves Plaintiffs' Motion to Amend and Defendants have answered the operative complaint, the Court will, in accordance with its ordinary practice and Federal Rules of Civil Procedure 16 and 26(f), issue an initial scheduling order that sets deadlines for the parties to meet and confer and to submit a Joint Status Report and Provisional Discovery Plan. Concurrently, the Court will schedule a telephonic initial scheduling conference at which it will impose discovery deadlines and discovery limits on the parties.[1] Until then, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in limited circumstances.[2] *See* Fed. R. Civ. P. 26(d). In the meantime, the Court finds good cause to extend its delay of the issuance of a scheduling order pending resolution of Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion to Amend") and Defendants' answers or responses to the operative pleading.

---

[1] Should DMI file a dispositive motion targeted to the operative pleading, as it forecasts in its response to Plaintiffs' Motion for Discovery (*see* Dkt. No. 95 at 3), it is possible that the Court's scheduling conference and discovery may be further delayed pending resolution of that motion.

[2] Federal Rule of Civil Procedure 26(d)(2)(A) permits a party to propound on another party a request under Rule 34 more than 21 days after the complaint is served. But here, it is not settled which complaint – as between the First Amended Complaint or the newly-proposed second amended complaint – is the operative one. Moreover, a Rule 34 request served before the parties' Rule 26(f) conference is not "considered to have been served" until the time of the conference. Fed. R. Civ. P. 26(d)(2)(B).

Plaintiffs' Motion to Compel, in which they ask the Court to compel the production of documents pursuant to Federal Rule of Civil Procedure 37 (Dkt. No. 98), is likewise premature and not well-taken. Rule 37 permits a party to move to compel discovery when another party fails to respond to the moving party's discovery request. *See* Fed. R. Civ. P. 37(a)(3)(B). But once again, discovery is not yet underway. Moreover, Plaintiffs have failed to comply with the dictates of Rule 37.[3] *See, e.g.,* Fed. R. Civ. P. 37(a)(1) (requiring certification that the movant conferred in good faith with the party failing to produce discovery); Fed. R. Civ. P. 37(a)(3)(B) (permitting a party to move to compel if a party fails to answer an interrogatory submitted under Rule 33 or to produce documents requested under Rule 34).

Curiously, in their Motion to Compel, Plaintiffs also complain that DMI's response to their Motion for Leave to File Second Amended Complaint was untimely or out of sequence. Dkt. No. 98. But that argument, too, is without merit. In its Amended Order Setting Omnibus Motions Hearing and Staying Briefing (Dkt. No. 76), the Court stayed briefing pending further order of the Court. Dkt. No. 76. Then, in its January 16, 2026 Proposed Findings and Recommended Disposition ("PFRD"), the undersigned recommended that the "[t]he litigation hold that precludes the filing of additional motions and stays briefing on pending motions . . . be LIFTED" by the presiding judge upon resolution of the PFRD. Dkt. No. 81. Before the presiding judge could resolve the PFRD, however, and despite the ongoing litigation hold, Plaintiffs filed their Motion to Amend on February 3, 2026. Dkt. No. 85. It was not until February 23, 2026, when the presiding judge adopted the PFRD, that the litigation hold was lifted. Dkt. No. 91 at 3. As a result, DMI's response to the Motion to Amend, which was filed fourteen days after the presiding judge lifted

---

[3] As DMI notes, Plaintiffs have also failed to comply with Local Rule 37, which requires a moving party to attach to their motion a copy of the discovery requests at issue and any responses or objections thereto. *See* D.N.M.LR-Civ. 37.

3

the litigation hold, was timely and proper. Moreover, Plaintiffs filed a *second* reply in support of their Motion to Amend (*see* Dkt. No. 97), which the Court has considered in providing its recommendations to the presiding judge on Plaintiffs' Motion to Amend in its concurrently-filed PFRD. *See* Dkt. No. 104. Thus, Plaintiffs have not suffered prejudice from the sequencing or timing of DMI's response, and there is no basis for striking that response or for resetting the briefing deadlines on the Motion to Amend. Rather, the Motion to Amend is ripe for resolution and is, in fact, the subject of the Court's concurrently-filed PFRD. *See id.*

**IT IS THEREFORE ORDERED** that *Plaintiffs' Memorandum of Law in Support of Declaration and Motion for Leave to Conduct Limited Early Discovery* ("Motion for Discovery") (Dkt. No. 94) and *Plaintiffs' Motion to Compel Substantive Response and Production, or Alternatively to Strike or Disregard Out-of-Sequence Opposition and to Reset Briefing* ("Motion to Compel") (Dkt. No. 98) are **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 16(b)(2), there is good cause to extend the delay in entering a scheduling order in this case until after Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. No. 85) is resolved and after Defendants have answered or responded to Plaintiffs' operative complaint.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE